# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ART POPE,**

                Plaintiff-Appellee,

     -vs-                                                                                                  **Case No. 10-C-1180**

**SHERRY LYNN KRYSZAK,**

                Defendant-Appellant.

## DECISION AND ORDER

      Sherry Lynn Kryszak appeals the bankruptcy court's judgment that she owes Art Pope a non-dischargeable debt in the amount of $66,400.74 because the debt was incurred as a result of fraud or defalcation in a fiduciary capacity. 11 U.S.C. § 523(a)(4). For the reasons that follow, the judgment of the bankruptcy court is affirmed.

      The proceedings in bankruptcy court revealed the following. The families of Mr. Pope and Ms. Kryszak have been friends for approximately ten years. In late 2007, Mr. Pope and Ms. Kryszak began discussions about Mr. Pope working for her company, The Printing Pod, as a salesman. Mr. Pope joined the Printing Pod in January of 2008. Eventually, Ms. Kryszak and Mr. Pope began to discuss the possibility that Mr. Pope would invest funds in the Printing Pod in exchange for an ownership interest. The ownership agreement was never finalized, due mainly to Ms. Kryszak's representation that her former business partner had not "signed off" on his stake in the business.

Despite the agreement not being finalized, Mr. Pope began providing funds to the Printing Pod and to Ms. Kryszak in March of 2008 both by paying bills on his credit cards in addition to cash infusions. Mr. Pope believed that his funds were being used to keep the business going and that he would receive profits of the business at a later date. Mr. Pope was also told by Ms. Kryszak that she was not taking one "red penny" out of the business for herself. During his tenure at the Printing Pod, Ms. Kryszak controlled the finances of the company and provided Mr. Pope with financial information. Mr. Pope had no idea how to access any financial information of the company. Mr. Pope continued to provide operating money to the Printing Pod until December 2008, when Ms. Kryszak decided to lay him off.

Two months later, Ms. Kryszak decided to close the Printing Pod. Her daughter, who had been employed by the Printing Pod doing office work and cleaning, started her own company, All About Graphics, the day the Printing Pod closed. Kryszak immediately went to work for her daughter as a subcontractor.

Section 523(a)(4) of the Bankruptcy Code provides that a bankruptcy discharge "does not discharge an individual debtor from any debt . . . for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." The plaintiff must prove three elements to demonstrate the non-dischargeability of a claim pursuant to § 523(a)(4): (1) that a trust existed; (2) that the defendant was a fiduciary of that trust; and (3) that the defendant committed "fraud or defalcation" while acting as a fiduciary of the trust. *In re Ward*, 417 B.R. 582 (Bankr. E.D. Wis. 2009). The bankruptcy court's findings of fact, "whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due

regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed. R. Bankr. P. 8013. Conclusions of law are subject to *de novo* review. *Kovacs v. United States*, 614 F.3d 666, 672 (7th Cir. 2010); *In re Sunshine-Jr. Stores, Inc.*, 198 B.R. 823, 824 (M.D. Fla. 1996) (appellant is entitled to independent, de novo review of all conclusions of law and the legal significance accorded to the facts).

After conducting a bench trial, the bankruptcy court found that the Kryszak-Pope relationship was a fiduciary relationship because the concentration of knowledge and power was "substantially one sided." September 24, 2010, Oral Decision at 10 (D. 1-50). A "fiduciary relation that imposes real duties in advance of the breach . . . involve[s] a difference in knowledge or power between fiduciary and principal which . . . gives the former a position of ascendancy over the latter." *In re Marchiando*, 13 F.3d 1111, 1116 (7th Cir. 1994); *In re Frain*, 230 F.3d 1014, 1017 (7th Cir. 2000) ("difference in knowledge or power can create a fiduciary relationship"). The bankruptcy court further found that Ms. Kryszak committed fraud and/or defalcation with respect to the funds entrusted to her by Mr. Pope. "No definite and invariable rule can be laid down as a general proposition defining fraud, and it includes all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated." *In re Zinck*, 321 B.R. 916, 921 (Bankr. W.D. Wis. 2005). Defalcation occurs when the fiduciary fails to produce or account for funds that were received in its fiduciary capacity. *Meyer v. Rigdon*, 36 F.3d 1375, 1384 (7th Cir. 1994) (citing *Quiaf v. Johnson*, 4 F.3d 950, 955 (11th Cir. 1993)); *see also In re Lewis*, 97 F.3d 1182 (9th Cir. 1996); *In re Kaczynski*, 188 B.R. 770 (Bankr. D.N.J. 1994).

On appeal, Ms. Kryszak raises the statute of frauds as an affirmative defense. Wis. Stat. § 241.02. The statute of frauds is irrelevant in this context. Mr. Pope's claim is not based on an alleged promise or "oral guarantee" to repay a debt. § 241.02(1)(b). Rather, Pope's claim is that Kryszak misused and failed to account for the funds entrusted to her in her fiduciary capacity. In any event, Ms. Kryszak did not raise this issue until after trial, and the bankruptcy court did not address the statute of frauds in its oral ruling. Therefore, Kryszak's defense under the statute of frauds, such as it is, was waived. *Herremans v. Carrerra Designs, Inc.*, 157 F.3d 1118, 1123 (7th Cir. 1998) ("at no time during the 13 months that the case was pending . . . did [the defendant] let out a peep about the statute of frauds, and as a result [the plaintiff] was deprived of an opportunity to conduct discovery that might have enabled him to rebut the defense").

Kryszak also objects to the bankruptcy court's conclusion on fiduciary duty. On this ground, the bankruptcy court's findings of fact are entitled to deference, and those factual findings clearly demonstrate that there was an imbalance of knowledge and power between Pope and Kryszak. As the bankruptcy court found, Ms. Kryszak "made all of the decisions, hiring, firing, financial decision. How the company was going to be run, when the company was going to close, who was going to be let go when the company was going to close." Mr. Pope had no knowledge as to how Ms. Kryszak maintained her financial records. Aside from their relation as employer and employee, the parties were also engaged in a joint venture to the extent that Mr. Pope provided funds to help the business. *In re Selenske*, 103 B.R. 200, 204 (Bankr. E.D. Wis. 1989) (debtor who had sole control of the joint venture's finances

-4-

owed a fiduciary duty to his co-adventurers). Section 523(a)(4) applies when there is "substantial inequality in power or knowledge in favor of the debtor seeking the discharge and against the creditor resisting discharge." *In re Woldman*, 92 F.3d 546, 547 (7th Cir. 1996).

As for the acts of fraud or defalcation, the bankruptcy court found that there were many, including: (1) entering checks into Quickbooks in a way that showed payments to vendors when Kryszak actually received the payments; (2) Kryszak's daughter received a number of checks, in addition to her regular payroll checks, for work allegedly performed in her duties as employee of the Printing Pod; (3) checks made out to banks were endorsed over to Kryszak and her daughter; and (4) Kryszak's daughter, a 19-year old with no business experience, opened her own printing business on the day the Printing Pod shut down with "ready-made customers." Kryszak argues that Pope's claim is somehow unrelated to these acts. Kryszak misunderstands the law on this point. Put simply, defalcation is doing something with money that you are not supposed to be doing. As the bankruptcy court observed, the "overall pattern . . . showed that there was money going out of the Printing Pod that was not identified for what it was actually going for . . ." Oral Decision at 18. Pope entrusted Kryszak with his money so the Printing Pad could survive and succeed as a going concern, not so Kryszak could set her daughter up with a ready-made business.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT** the judgment of the bankruptcy court is **AFFIRMED**.

Dated at Milwaukee, Wisconsin, this 23rd day of September, 2011.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**